## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RENALDO JAMES TAYLOR**                                  **CIVIL ACTION**

**VERSUS**                                                **NUMBER: 23-1251**

**JEFFERSON PARISH SHERIFF'S OFFICE, ET AL.**             **SECTION: "A"(5)**

### REPORT AND RECOMMENDATION

On April 13, 2023, Plaintiff filed this lawsuit under 42 U.S.C. § 1983 against the Jefferson Parish Sheriff's Office, Sheriff Joseph P. Lopinto, III, and Police Officers Austin L. Lowe and Christopher A. Bodet. (Rec. doc. 1). This Court allowed Plaintiff to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Rec. doc. 5).

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Taylor v. Tanner*, Civ. A. No. 12-1849, 2013 WL 5781707, at *2 (E.D. La. Oct. 23, 2013). A district court must *sua sponte* dismiss a prisoner's *in forma pauperis* Section 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. *Foreman v. Potter*, 382 F. App'x 370, 372 (5th Cir. 2010).

Under Section 1915, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an

arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

Plaintiff sued as a Defendant the Jefferson Parish Sheriff's Office. However, that is improper because "the Jefferson Parish Sheriff's Office is not a legal entity that can be sued." *DeRouen v. Jefferson Par. Sheriff's Office*, Civ. A. No. 18-7809, 2021 WL 928027, at *4 (E.D. La. Mar. 11, 2021); *accord Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued. . . ."); *Mitchell v. Jefferson Par. Correctional Ctr.*, Civ. A. No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013) (same); *Francois v. Jefferson Par. Sheriff's Office*, Civ. A. No. 12-1965, 2013 WL 654640, at *6 (E.D. La. Feb. 21, 2013) ("Louisiana law has not afforded any legal status to parish sheriff's departments such that they can be sued."). Therefore, all claims asserted pursuant to 42 U.S.C. § 1983 against the Jefferson Parish Sheriff's Office must be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A. Accordingly,

**IT IS RECOMMENDED** that Defendant Jefferson Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  11th  day of      September     , 2023.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE