UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RENALDO JAMES TAYLOR | * | CIVIL ACTION NO. 23-1251 |
| | * | |
| VERSUS | * | SECTION: "A" (5) |
| | * | |
| JOSEPH P. LOPINTO, III ET AL. | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE MICHAEL B. NORTH |
| | * | |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Pursuant to F.R.C.P. 12(c) or, Alternatively, for Summary Judgment Pursuant to F.R.C.P. 56** (**Rec. Doc. 20**) filed by Defendants, Joseph P. Lopinto, III, in his official capacity as Sheriff of Jefferson Parish, and Deputies Austin L. Lowe and Christopher A. Bodet, individually and in their official capacities as Deputies with the Jefferson Parish Sheriff's Office. Plaintiff, Renaldo James Taylor, has filed no opposition to the motion. The motion, submitted for consideration on January 3, 2024, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

Renaldo Taylor filed this civil rights suit pro se, claiming that the defendants unnecessarily damaged his motorcycle during his arrest and failed to return various items that were on his person at the time of his arrest. (Rec. Doc. 4-1, at 4). He further asserts that he holds the Jefferson Parish Sheriff's Office accountable for any medical costs associated with the injuries that he suffered during his arrest, noting injuries to his face, body, and hands, and continuous pain and suffering. (*Id.* at 5).

Even with the most liberal review of Taylor's complaint, this Court cannot discern a federal right that he alleges was violated. His personal injury claims are not founded on any federal

1

violation. Instead, his complaint states that he holds the Sheriff's Office accountable for his injuries, but provides no allegations that the officers caused his injuries. Additionally, his property claims are rooted in state law, focusing primarily on property damage and conversion. Therefore, Taylor has no basis to state a claim under 42 U.S.C. § 1983.[1] The Court declines to exercise supplemental jurisdiction over the remaining state law claims, which Taylor is free to litigate in state court.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Pursuant to F.R.C.P. 12(c) or, Alternatively, for Summary Judgment Pursuant to F.R.C.P. 56** (**Rec. Doc. 20**) filed by Defendants, Joseph P. Lopinto, III, Austin L. Lowe, and Christopher A. Bodet, is **GRANTED**. To the extent Taylor's complaint attempts to allege federal claims arising from the events of December 22, 2022, those claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Taylor's remaining state law claims arising from the events of December 22, 2022, are dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c).

January 9, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　　　
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that some of Taylor's claims may be *Heck*-barred as well, but takes no position on the issue.